IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD TOWNER,<br><br>    Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br>*doing business as* USAA FINANCIAL SERVICES,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00148-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket Nos. 4; 9.) The Court now considers pro se Plaintiff's summary judgment motion (Dkt. No. 5) and Defendant's motion to strike Plaintiff's summary judgment motion (Dkt. No. 9). For the reasons discussed below, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's motion and **STRIKE** Plaintiff's summary judgment motion.

## II. PROCEDURAL HISTORY

On February 28, 2014, Plaintiff filed a complaint against Defendant for violating the Fair Credit Report Act. (Dkt. No. 1.) On the same date, Plaintiff directly mailed his complaint to the "Highest Bank Officer" at USAA Federal Savings Bank in San Antonio, Texas. (Dkt. No. 3.)

Plaintiff failed to file a proof of service with the Court.  Instead, on February 28, 2014, Plaintiff filed a document that the Clerk of Court designated as an "unserved summons."  (*Id.*)

On March 26, 2014, Plaintiff filed a summary judgment motion.  (Dkt. No. 5.)  Subsequently, Plaintiff indicated that he "incorrectly" titled this motion, and "it should have been filed as a motion for default judgment."  (Dkt. No. 10 at 2.)

On April 1, 2014, Defendant answered Plaintiff's complaint.  (Dkt. No. 7.)  As an affirmative defense to the complaint, Defendant claimed it "was not properly served with the Complaint and Summons."  (*Id.* at 3.)  On April 8, 2014, Defendant moved to strike Plaintiff's summary judgment/default judgment motion based on Plaintiff's failure to properly serve the complaint and summons.  (Dkt. No. 9.)

### III.   ANALYSIS OF PENDING MOTIONS

Plaintiff based his original summary judgment/default judgment motion on Defendant's "fail[ure] to reply to [Plaintiff's] [] complaint . . . ."  (Dkt. No. 5 at 6.)  However, Defendant subsequently answered the complaint.  (Dkt. No. 7.)  Therefore, Plaintiff now argues that the Court should grant his motion for default judgment because Defendant waited until April 1, 2014 to file an "untimely answer" to the complaint.  (Dkt. No. 10 at 2.)

Defendant moves to strike Plaintiff's motion as procedurally improper.  (Dkt. No. 9.)  Defendant argues that, procedurally, Plaintiff cannot move for default judgment because Defendant answered Plaintiff's complaint.  (Dkt. No. 11 at 2.)  *See* Fed. R. Civ. P. 55(a) (noting that a "clerk must enter the party's default" only where the "party against whom a judgment . . . is sought *has failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise . . . .") (emphasis added).

More specifically, Defendant argues it did not file an "untimely answer" warranting default judgment.  The answer "deadline described" by Plaintiff in his motion "is inapplicable" where Plaintiff never effected service of the complaint and summons.  (Dkt. No. 11 at 1.)  *See Keller v. Owens*, No. 07-1127-WEB, 2007 WL 2702947, at *1 (D. Kan. Sept. 14, 2007) (unpublished) ("When applying for an entry of default, the plaintiff bears the burden of showing that defendant has been properly served . . . .") (citation omitted).  Defendant emphasizes that it promptly filed an answer "despite not being properly served . . . ."  (Dkt. No. 9 at 3.)

For the reasons discussed below, the Court agrees with Defendant's reasoning.  Plaintiff's motion is procedurally improper where Defendant answered the complaint despite Plaintiff's failure to prove service of process.  As a result, the Court **RECOMMENDS** that the District Court **GRANT** Defendant's motion (Dkt. No. 9) and **STRIKE** Plaintiff's summary judgment/default judgment motion (Dkt. No. 5).

**A. Default Judgment not Warranted Where Defendant Answered Plaintiff's Complaint Despite Plaintiff's Failure to Effect Service Under Fed. R. Civ. P. 4(h)(1)**

Fed. R. Civ. P. 4(h)(1) sets forth two ways to serve a U.S. corporation like Defendant.  Defendant persuasively argues that Plaintiff's decision to "simply mail[]" the complaint to "USAA's 'highest bank officer'" violates both these ways.  (Dkt. No. 11 at 1.)

*i.     Plaintiff Failed to Serve Defendant in Compliance With Utah State Law*

The first way to serve a corporation under Fed. R. Civ. P. 4(h)(1)(A) requires service "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

In this case, Plaintiff brought his action in the District of Utah but failed to comply with Utah state service requirements for corporations.  Plaintiff failed to effect service "by mail or

commercial courier service" because there is no record evidence that Defendant's "agent authorized by appointment or by law to receive service of process sign[ed] a document indicating receipt."  Utah R. Civ. P. 4(d)(2)(B).[1]

### *ii.   Plaintiff Failed to Serve Defendant in Compliance with Texas State Law*

In this case, Plaintiff mailed his complaint to Defendant's San Antonio, Texas location but failed to comply with Texas state service requirements.  Plaintiff failed to effect service "by registered or certified mail, return receipt requested" because there is no record evidence of a "return receipt with the addressee's signature."  Tx. R. Civ. P. 106(a)(2), 107(c).  *See also PPI Tech. Servs., LP v. Christian Operating Co.*, No. 09-09-00022-CV, 2009 WL 2253227, at *1 (Tex. App. - Beaumont July 30, 2009) (unpublished) ("If the return receipt is not signed by the addressee, the service of process is defective.") (quotation omitted).

### *iii.   Plaintiff Failed to Serve Defendant in Compliance with Fed. R. Civ. P. 4(h)(1)(B)*

The second way to serve a corporation under Fed. R. Civ. P. 4(h)(1)(B) requires:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . . .

Where a "Plaintiff merely mail[s] service to Defendant's business address" rather than "serving an officer or registered agent of Defendant" such service is "not sufficient" under Fed. R. Civ. P. 4(h)(1)(B).  *Hernandez v. USF Reddaway*, No. 2:12cv475, 2013 WL 4430947, at *1 (D. Utah Aug. 16, 2013) (unpublished).  *See also Resh v. Brosnac*, No. 11-cv-01924, 2012 WL 1114583, at *2 (E.D. Pa. Mar. 30, 2012) (unpublished) ("For service to be proper under Rule 4(h)(1)(B), the summons and complaint must be delivered personally, rather than by mail.");

---

[1] Utah state law allows "[s]ervice by mail or commercial courier service" upon a corporation as an alternative to personal service under Utah R. Civ. P. 4(d)(1)(E).

*Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010) ("[E]ven if Mr. Hill was authorized to accept service on behalf of [the defendant], service by mail does not satisfy the requirements of Rule 4(h)(1)(B).").

## IV. RECOMMENDATIONS

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**GRANT** Defendant's motion to strike Plaintiff's motion for summary judgment/default judgment. (Dkt. No. 9.)

**STRIKE** Plaintiff's motion for summary judgment/default judgment. (Dkt. No. 5.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 28th day of April, 2014.   By the Court:

Dustin B. Pead
United States Magistrate Judge