IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD TOWNER,<br><br>      Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK *doing business as* USAA FINANCIAL SERVICES,<br><br>      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00148-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket No. 4.) On February 28, 2014, pro se Plaintiff filed his original complaint against Defendant. (Dkt. No. 1.) The complaint alleges that Defendant violated the Fair Credit Report Act. (Dkt. No. 1.) More specifically, the complaint alleges that Defendant refused to remove derogatory information from Plaintiff's credit report stemming from Plaintiff' use of a credit card that belonged to his mother but for which he was an authorized signatory.

On April 1, 2014, Defendant answered the original complaint. (Dkt. No. 7.) On June 24, 2014, Defendant filed an amended answer that asserted a counterclaim against Plaintiff for breach of contract for failing to pay the credit card account balance. (Dkt. No. 25.)

The Court now considers: (1) Plaintiff's two motions to amend his complaint (Dkt. Nos. 26; 38); (2) Defendant's two motions to amend its answer (Dkt. Nos. 24; 34); (3) Plaintiff's motion to extend deadlines (Dkt. No. 37); (4) Plaintiff's motion to file medical records under seal (Dkt. No. 46); and (5) Defendant's motion regarding *ex parte* submissions (Dkt. No. 48).

## II.     PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT

On June 24, 2014, Plaintiff moved to file a first amend complaint to add claims for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") stemming from his FCRA claim. (Dkt. No. 26.) Plaintiff moves to assert these new claims against Defendant "for its previous actions and its current legal representatives actions . . . ." (*Id.* at 1.)

On July 8, 2014, Defendant responded to Plaintiff's motion. (Dkt. No. 30.) Defendant does not oppose Plaintiff's request to add claims for NIED and IIED. (*Id.* at 1.) However, Defendant opposes Plaintiff's request to assert these claims against Defendant "for its previous actions and its current legal representatives actions . . . ." (*Id.* at 2.)

Based on Defendant's non-opposition, this Court **RECOMMENDS GRANTING** in part Plaintiff's motion to amend his complaint to add claims for NIED and IIED. (Dkt. No. 26.)

However, the proposed amended complaint attached to Plaintiff's motion "does not name any 'legal representatives' and there are no allegations in the proposed amended pleading regarding any conduct by any 'legal representatives.'" (Dkt. No. 30 at 2.) Due to this lack of information, this Court **RECOMMENDS DENYING** in part Plaintiff's motion to amend to the extent he intends to assert claims against any legal representatives. (Dkt. No. 26.)

### III. PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

On August 5, 2014, Plaintiff moved for leave to file a second amended complaint to add a claim for breach of contract. (Dkt. No. 38.) According to the proposed amended complaint attached to the motion, Plaintiff's mother "purchased life insurance on a truck she purchased through" Defendant and also purchased a "debt protection plan" on the credit card account at issue in Plaintiff's original complaint. (Dkt. No. 38-1 ¶¶ 18-19.) Plaintiff believes that Defendant breached the insurance and debt protection contracts it had with Plaintiff's mother because Defendant refused to pay out either contract. (*Id.* ¶¶ 21, 31-32.) As a result, Plaintiff believes he "is entitled to damages" for the amounts of these contract policies. (*Id.* ¶ 33.)

Defendant opposes Plaintiff's motion to file a second amended complaint due to untimeliness, prejudice, and futility. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."). Because this Court agrees with Defendant's opposition, it **RECOMMENDS DENYING** Plaintiff's motion. (Dkt. No. 38.)

#### A. Untimeliness

Defendant asks the Court to deny Plaintiff's motion to amend as untimely. The deadline to file a motion to amend pleadings expired on July 24, 2014. (Dkt. No. 31 at 3.) Plaintiff filed the present motion on August 5, 2014 without explaining why he missed the amended pleadings deadline. (Dkt. No. 41 at 2.) Defendant believes these circumstances militate against granting leave to amend. (*Id.*) *See Roberts v. C.R. England, Inc.*, No. 2:12-cv-0302, 2013 WL 5275942, at *2 (D. Utah Sept. 18, 2013) (unpublished) ("It is well settled in this circuit that untimeliness

alone is sufficient reason to deny leave to amend especially when the party filing the motion has no adequate explanation for the delay.").

In his reply, Plaintiff asks the Court to excuse his untimely filing because he "underwent hospitalization on July 28, 2014 through August 1, 2014." (Dkt. No. 44 at 2.) While the Court sympathizes with Plaintiff's medical issues and does not dispute their genuine nature, Plaintiff's hospitalization occurred four days *after* the amended pleadings deadline expired. Therefore, the hospitalization does not excuse the untimely nature of Plaintiff's motion to amend.

Moreover, Plaintiff was aware of the facts underlying the proposed breach of contract claim back on February 28, 2014 when he filed his original complaint. Indeed, he referenced the contracts at issue in his original complaint. (Dkt. No. 1 ¶ 14.) Because Plaintiff knew about the contracts when he instituted this lawsuit, he cannot attribute his five-month delay in seeking amendment to a brief hospitalization that occurred after the amended pleadings deadline expired. *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

**B. Prejudice**

Defendant further argues that granting Plaintiff leave to file a second amended complaint will prejudice Defendant. Based on Plaintiff's original complaint, Defendant "formulated and served written discovery on" Plaintiff and deposed Plaintiff. (Dkt. No. 41 at 4.) "Because the auto loan was not part of" Plaintiff's original claim for relief, Defendant "understandably did not focus written discovery and deposition questions on this topic." (*Id.*)

Plaintiff's proposed amendment "is wholly distinct from [Plaintiff's] FCRA claim." (*Id.*) As such, if the Court grants Plaintiff leave to amend, Defendant will suffer "prejudice in having to

re-do discovery and depose [Plaintiff]" at additional expense. (Dkt No. 41 at 4.) Defendant further fears granting leave to amend will "delay the deadlines for discovery, experts, motions and possibly trial in this case." (*Id.*)

Plaintiff's only argument against prejudice is that Defendant has "the necessary resources" to conduct additional discovery. (Dkt. No. 44 at 3.) The Court finds Plaintiff's argument unpersuasive. Defendant's ability to conduct further discovery will not avert the prejudice it will suffer in terms of additional efforts, expenses, and delays.

### C. Futility as to Auto Loan Debt Protection Plan Claim

Plaintiff failed to submit either the "life insurance" plan or the "debt protection plan" with his proposed amended complaint. Defendant submitted a copy of the debt protection plan to its opposition. (Dkt. No. 41-1.) Contrary to Plaintiff's proposed amended complaint, the debt protection plan appears to relate to a loan agreement that Plaintiff's mother had with Defendant rather than to a credit card account.[1]

Defendant argues that granting Plaintiff leave to file a second amended complaint as it relates to breach of the debt protection plan is futile where the plan "directly contradict[s]" Plaintiff's proposed claim. (Dkt. No. 41 at 5.) Plaintiff's proposed amended complaint asks that Defendant pay him funds from the debt protection plan. However, the plan itself does not offer any payment to Plaintiff's mother, her estate, or Plaintiff. The plan only entitles Plaintiff's mother to *cancellation* of her loan debt in the event of her death. (Dkt. No. 41-1 at 4 of 13.) Moreover, the plan specifically states that the "USAA Debt Protection product is not insurance and will not

---

[1] The Court considers the debt protection plan under Fed. R. Civ. P. 12(b)(6) standards because this contract forms the basis for part of Plaintiff's proposed amended complaint. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

pay anyone else if [Plaintiff's mother] request[s] Payment Cancellation under the Plan." (Dkt. No. 41-1 at 2 of 13.) Given these circumstances, the Court finds granting leave to amend to add a claim on the debt protection plan is futile.

Defendant also persuasively argues that granting leave to amend is futile because Plaintiff "lacks standing to assert a claim for breach of the debt protection" plan. (Dkt. No. 41 at 5.) Plaintiff does not allege "he himself made any payments on the auto loan after [his mother's] death or that [Defendant] sought to collect auto loan debt from him." (*Id.*) Nor does Plaintiff "allege he is the executor of" his mother's estate. (*Id.*)

In his reply, Plaintiff asserts that his proposed "claim concerning a debt protection plan . . . arises out of the same set of circumstances as the credit card at issue" because Plaintiff would have used the funds from the plan to "pay off" the credit card account at issue in his original complaint. (Dkt. No. 44 at 2-3.) The Court finds Plaintiff's assertion unpersuasive. Plaintiff fails to address how the terms of the debt protection plan exclude pay-out, and Plaintiff fails to address his purported lack of standing to bring a claim about the debt protection plan.

IV. **DEFENDANT'S MOTIONS TO AMEND ANSWER**

On June 23, 2014, Defendant moved to amend its answer to Plaintiff's original complaint. (Dkt. No. 24.) To the extent that a valid credit card contract may not apply, Defendant moves to add a counterclaim for unjust enrichment/quantum meruit. (*Id.*)

On July 24, 2014, Defendant moved to amend its answer to add an unjust enrichment counterclaim and an affirmative defense of lack of standing. (Dkt. No. 34.)

Plaintiff has not responded to Defendant's motions to amend, and the time to do so has expired. DUCivR 7-1(b)(3)(B) (requiring parties to file opposition memorandums to such motions "within fourteen (14) days after service of the motion . . . ."). Therefore, the Court

**RECOMMENDS GRANTING** both motions.  (Dkt. Nos. 24; 34.)  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

## V. PLAINTIFF'S MOTION FOR EXTENTION OF TIME FOR FILING DEADLINES

On August 5, 2014, Plaintiff moved to extend all remaining deadlines in this case by thirty days.  (Dkt. No. 37.)  To support his extension request, Plaintiff references "a four day hospital admission" between July 28, 2014 and August 1, 2014 that created a "need [for] additional time to complete discovery."  (*Id.* at 1; 43 at 1.)

Defendant opposes Plaintiff's motion because Plaintiff never met and conferred with Defendant about extending deadlines prior to filing his motion.  (Dkt. No. 40 at 3.)  The Court believes that this failure alone justifies denying Plaintiff's motion.

Defendant also argues that the Court should deny Plaintiff's motion because Plaintiff failed to show "good cause" under Fed. R. Civ. P. 16(b)(4) for altering the scheduling order.  (*Id.* at 2.)  That is, Plaintiff provided "no basis as to why his brief hospital stay supports his request for a *thirty-day* extension of *all* deadlines."  (*Id.* at 3.)  *See Strope v. Collins*, No. 08-3188, 2009 WL 465073, at *3 (10th Cir. Feb. 25, 2009) (unpublished) ("Demonstrating good cause . . . requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.").

While sympathetic to Plaintiff's medical issues, this Court agrees with Defendant's reasoning and finds a lack of good cause to extend remaining deadlines.  Plaintiff served his written discovery requests prior to his hospitalization.  (Dkt. No. 40 at 3.)  Plaintiff fails to identify how his brief hospitalization materially affected existing deadlines.  In fact, Plaintiff does not identify what specific discovery he needs more time to complete.  Nor does Plaintiff show how he has

been diligent in attempting to meet deadlines despite his hospitalization. Accordingly, the Court **RECOMMENDS DENYING** Plaintiff's motion to extend deadlines. (Dkt. No. 37.)

## VI. PLAINTIFF'S MOTION TO SEAL DOCUMENTS

On August 29, 2014, Plaintiff filed a "MOTION TO SEAL DOCUMENT 45." (Dkt. No. 46.) Within the substance of Plaintiff's motion to seal, he asks the Court to seal "document 44 and a memorandum in support thereof." (*Id.*) In the memorandum accompanying this motion to seal, Plaintiff asks this Court to seal his "medical records" from the public docket. (Dkt. No. 47.)

Initially, the Court notes that nothing in Docket No. 45 relates to medical records. Docket No. 45 is merely a request to submit for decision. Docket No. 44 is Plaintiff's reply to his motion for leave to file a second amended complaint. While Docket No. 44 references Plaintiff's medical history, it does not include any actual medical records. In fact, this Court cannot identify any medical records in the docket. Therefore, to the extent that Plaintiff moves to seal medical records he believes are in the docket, this Court **RECOMMENDS DENYING** this motion where no such records exist. (Dkt. No. 46.)

To the extent that Plaintiff moves to seal medical records that he wishes to introduce into the docket, this Court **RECOMMENDS DENYING** this motion as unnecessary. (*Id.*) Plaintiff submitted an undocketed hard copy of his medical records in an *ex parte* fashion to this Court's chambers. Plaintiff believes these medical records are necessary for this Court to resolve his motion to extend deadlines (Dkt. No. 37) and his motion for leave to file a second amended complaint (Dkt. No. 38) because they relate to his four-day hospitalization. (Dkt. No. 47.)

However, the Court finds that reviewing and sealing Plaintiff's medical records is not necessary to rule on the motions at Docket Nos. 37-38. As analyzed above, Plaintiff has not adequately identified how his hospitalization affected existing deadlines or how it gave rise to

substantive concerns about completing discovery in this case. Because this Court provided other substantive reasons for denying the motions at Docket Nos. 37-38, Plaintiff should refrain from filing his records with the Court in either a sealed or unsealed fashion.

## VII. DEFENDANT'S MOTION REGARDING EX PARTE SUBMISSIONS

On August 29, 2014, Defendant filed a motion to request that the Court not consider medical documents that Plaintiff submitted to the Court *ex parte*. (Dkt. No. 48.) Plaintiff never responded to Defendant's motion and the time to do so has expired. *See* DUCivR 7-1(b)(3)(B). Given Plaintiff's failure to respond, and for the reasons provided by the Court when analyzing Plaintiff's motion to seal, the Court **RECOMMENDS GRANTING** Defendant's motion. (Dkt. No. 48.)

## VIII. RECOMMENDATIONS

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**GRANT** in part Plaintiff's motion to file a first amended complaint by allowing him to add claims for NIED and IIED. (Dkt. No. 26.)

**DENY** in part Plaintiff's motion to file a first amended complaint by denying him the right to add NIED and IIED claims against any legal representatives. (Dkt. No. 26.)

**DENY** Plaintiff's motion for leave to file a second amended complaint. (Dkt. No. 38.)

**GRANT** Defendant's motion to amend its answer to Plaintiff's complaint by adding a counterclaim for unjust enrichment/quantum meruit. (Dkt. No. 24.)

**GRANT** Defendant's motion to amend its answer to Plaintiff's complaint by adding a counterclaim for unjust enrichment and an affirmative defense of lack of standing. (Dkt. No. 34.)

**DENY** Plaintiff's motion to extend all remaining deadlines. (Dkt. No. 37.)

**DENY** Plaintiff's motion to seal medical records. (Dkt. No. 46.)

**GRANT** Defendant's motion to not consider medical documents Plaintiff submitted to the Court *ex parte*. (Dkt. No. 48.)

If the District Court adopts this Court's recommendations, Plaintiff must file his amended complaint as outlined in Docket No. 26 within **seven (7) days** of the District Court's adoption.

If the District Court adopts this Court's recommendations, Defendant must file its amended answer as outlined in Docket Nos. 24 and 34 within **seven (7) days** from the date Plaintiff files his amended complaint.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 30th day of September, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge