IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD TOWNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK *doing business as* USAA FINANCIAL SERVICES,<br><br>　　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00148-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.　　INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket No. 4.) The underlying complaint relates to Defendant's refusal to remove derogatory information from Plaintiff's credit report stemming from Plaintiff' use of a credit card that belonged to his mother. (Dkt. No. 1.) On June 26, 2014, pro se Plaintiff filed the present motion to remove Defendant's pro hac vice counsel from the case. (Dkt. No. 27.) For the reasons set forth below, the Court **DENIES** the motion.

## II.　　PLAINTIFF'S MOTION TO REMOVE DEFENDANT'S COUNSEL

Plaintiff seeks to remove Defendant's counsel John S. Craiger from the case because Craiger allegedly "confronted [Plaintiff] on the elevator at the federal courthouse in a demeaning and humiliating manner concerning allegations surrounding the facts of the case." (Dkt. No. 27 at 2.)

When deciding a motion to disqualify counsel, a court should consider "[t]he egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel . . . ." *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1476 (D. Utah 1994).

In his motion, Plaintiff provides no details about his confrontation; nor does he demonstrate any specific egregiousness or prejudice. Instead, Plaintiff asks this Court to request a video of the confrontation from the United States Attorney's Office. (Dkt. No. 45.) The Court refuses to conduct such fact-finding on Plaintiff's behalf.

The only evidence about the confrontation comes from a sworn declaration submitted by Defendant's local counsel John W. Mackay. (Dkt. No. 29-1.) Mackay's declaration recounts how Plaintiff initiated a conversation with Mackay and Craiger on an elevator following a pretrial conference. (*Id.* ¶¶ 5-6.) During this conversation, Plaintiff repeatedly asked to play a recording about the case but both Mackay and Craiger declined to listen to the recording. (*Id.* ¶ 6.) Plaintiff then spoke "his piece" about the case. (*Id.* ¶ 8.) After Plaintiff spoke, Craiger "asked Plaintiff if it was his position that even the charges he personally made to the subject credit card while on vacation were attributable to his mother?" (*Id.*) When Plaintiff answered "yes," Craiger replied that he would discuss the issue at Plaintiff's deposition. (*Id.*) Both Craiger and Mackay then told Plaintiff they would not discuss the case facts outside of a deposition and left the elevator to "avoid further interaction with" Plaintiff. (*Id.*)

Based on the evidence before it, this Court concludes that Plaintiff has failed to demonstrate any egregiousness, prejudice, or taint that would warrant removing Craiger from this case. *See Lutron Elecs. Co., Inc. v. Crestron Elecs., Inc.*, 1:09-CV-707, 2010 WL 4720693, at *5 (D. Utah Nov. 12, 2010) (unpublished) ("The essential issue to be determined" on a disqualification

motion "is whether the alleged misconduct taints the lawsuit.") (internal quotation marks omitted); *Bullock v. Carver*, 910 F. Supp. 551, 559 (D. Utah 1995) (noting that disqualification "is a drastic measure and a court should hesitate to impose it except when necessary.").

### III. ORDERS

For the reasons discussed above, this Court **DENIES** Plaintiff's motion to remove Defendant's pro hac vice counsel Craiger from the case. (Dkt. No. 27.)

Dated this 6th day of October, 2014.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge