## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK EDWARD TOWNER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**USAA FEDERAL SAVINGS BANK** *doing business as* **USAA FINANCIAL SERVICES,**<br><br>    **Defendant.** | **MEMORANDUM DECISION**<br><br>**Case No. 2:14-cv-00148-DN-DBP**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |

### I.    INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 4.)  Pro se Plaintiff's complaint alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") by refusing to remove derogatory information from Plaintiff's credit report stemming from Plaintiff' use of a credit card that belonged to his mother.  (Dkt. No. 1.)  Plaintiff also seeks to add claims against Defendant for breaching insurance and debt protection contracts that Defendant had with Plaintiff's mother.  (Dkt. No. 38.)

On August 25, 2014, Plaintiff served email deposition notices to two of Defendant's employees – Steven Carrasco and Justine Martinez.  (Dkt. Nos. 49-1 to 49-2.)  Plaintiff also served a Fed. R. Civ. P. 30(b)(6) deposition notice on Defendant.  (Dkt. No. 49-3.)  Plaintiff scheduled the depositions to occur on September 9, 2014.

On September 2, 2014, Defendant moved for a protective order regarding these depositions. (Dkt. No. 49.) The Court stayed the depositions until after the Court could rule on Defendant's motion. (Dkt. No. 50.) For the reasons set forth below, the Court **GRANTS** Defendant's motion.

II.     DEFENDANT'S MOTION FOR PROTECTIVE ORDER

A.  Deposition Timing

Defendant moves for a protective order because Plaintiff failed to provide "reasonable written notice" about the depositions under Fed. R. Civ. P. 30(b)(1) where he served the deposition notices only two weeks before the scheduled depositions. (Dkt. No. 49 at 2.)

Moreover, all deponents live in different states outside of Utah and therefore their "depositions cannot take place as noticed" on the same date. (*Id.*)

Additionally, Plaintiff scheduled the depositions to occur at Defendant's corporate headquarters in Texas but Defendant "does not allow depositions to be held at its corporate headquarters" because it "is a secure location." (Dkt. No. 54 at 2, 4.)

Finally, Plaintiff's motion to file an amended complaint - asserting new claims - remains pending before the District Court. (Dkt. Nos. 38; 56.) As such, Defendant does not want to undergo the currently scheduled depositions only "to incur the redundant cost of providing witnesses for a second deposition" if the District Court gives Plaintiff leave to file his amended complaint. (Dkt. No. 49 at 2-3.)

The Court finds Defendant's timing arguments persuasive. Both parties will incur additional costs if they proceed with depositions now only to re-conduct these depositions if the District Court grants Plaintiff leave to amend his complaint to add new claims. Moreover, the depositions as currently noticed cannot realistically occur on the same day where Plaintiff

intends to depose three separate witnesses from different states at a location that Defendant does not open for depositions.

**B. Scope of Depositions**

Defendant further moves for a protective order to protect its 30(b)(6) representative from responding to deposition topics 5 through 11 and 13 as identified by Plaintiff in his deposition notice. (Dkt. No. 49 at 3.) These topics relate to:

> 5. USAA FSB's marketing of insurance policies and coverage for insurance and debt protection plans on automobiles.
> 6. The total number of debt protection plans sold by USAA FSB on all credit accounts in 2011 and 2012.
> 7. The total revenue received from all debt protection plans sold by USAA FSB on all credit accounts in 2011 and 2012.
> 8. The total funds paid out on all debt protection plans by USAA FSB on all credit accounts in 2011 and 2012.
> 9. The total number of debt protection plans sold by USAA FSB on all automobile loan accounts in 2011 and 2012.
> 10. The total revenue received from all debt protection plans sold by USAA FSB on all automobile loan accounts in 2011 and 2012.
> 11. The total funds paid out on all debt protection plans by USAA FSB on all automobile loan accounts in 2011 and 2012. . . .
> 13. The current net worth of the company, including but not limited to the assets and liabilities of the company.

(Dkt. No. 49-3.)

As to topic 5, Defendant argues that its insurance/debt protection policy marketing "is not relevant []or reasonably calculated to lead to the discovery of admissible evidence" where Plaintiff's claims are "entirely governed by the terms of those contracts" that his mother entered into. (Dkt. No. 49 at 4.)

Regarding topics 6 through 11 and 13, Defendant argues they "are not within the scope of discovery under Fed. R. Civ. P. 26(b)" because none of the topics "are relevant to [Plaintiff's] FCRA claim" regarding the use of his mother's credit card. (*Id.* at 3.) Nor are the topics related to Plaintiff's proposed claims about insurance and debt protection plans that he asserts Defendant

should have applied to the credit card debt upon the death of Plaintiff's mother. (*Id.* at 4.) "Statistics, such as the total number of debt protection plans sold . . . have nothing to do with whether the debt protection plans applied due to the circumstances of [Plaintiff's mother's] death." (*Id.*)

The Court agrees with Defendant's arguments. At this time, the Court cannot see the relevance of deposing Defendant about its general plan and sales statistics where Plaintiff's current and proposed claims all relate to specific contracts that his mother and Defendant entered into.

Defendant also moves to narrow the scope of deposition topic 12, which asks for "USAA FSB's internet based communication system (email system) with USAA FSB's customers and internal codes associated with emails and communication sent to Plaintiff by USAA FSB." (Dkt. No. 49-3.)

Defendant argues that its "entire email system is outside the scope of discovery as it is not relevant to [Plaintiff's] claims and not reasonably calculated to lead to the discovery of admissible evidence." (Dkt. No. 49 at 4-5.) As such, Defendant believes topic 12 "should be limited to USAA FSB's communications with [Plaintiff], and any explanation of codes contained in those communications or disclosed documents logging communications with [Plaintiff]." (*Id.* at 4.)

The Court again agrees with Defendant's reasoning. While communications between Plaintiff and Defendant appear relevant to Plaintiff's FCRA claims, the Court cannot discern the relevance of obtaining information about Defendant's entire email system.

**III.    ORDERS**

For the reasons analyzed above, the Court **GRANTS** Defendant's motion for a protective order and **ORDERS** that the depositions as currently noticed must not take place.  (Dkt. No. 49.)

The Court further **ORDERS** that, within **fourteen (14) days** of the District Court's ruling on Plaintiff's motion for leave to amend his complaint (Dkt. No. 38), Plaintiff must reach out to Defendant's counsel to schedule mutually convenient times and locations to conduct the depositions of Carrasco, Martinez, and Defendant's 30(b)(6) representative.  The Court expects both parties to cooperate in good faith to find such mutually convenient times and locations.

The Court further **ORDERS** that, within **twenty-one (21) days** of the District Court's ruling on Plaintiff's motion for leave to amend his complaint, Plaintiff must re-issue deposition notices to Carrasco, Martinez, and Defendant that indicate the mutually convenient times and locations to conduct their depositions.

The Court further **ORDERS** that these re-noticed depositions must not take place until after the District Court issues a ruling on Plaintiff's motion for leave to amend his complaint.[1]

The Court further **ORDERS** that Plaintiff may not depose Defendant on topics 5 through 11 and 13 in Plaintiff's deposition notice.

---

[1] The Court recognizes that this delay pushes the depositions beyond the September 30, 2014 fact discovery deadline in this case.  (Dkt. No. 31.)  However, through this decision, the Court extends the fact discovery deadline solely to allow Plaintiff to depose Carrasco, Martinez, and Defendant's 30(b)(6) representative.

The Court further **ORDERS** that, as to deposition topic 12, Plaintiff may only depose Defendant about its communications with Plaintiff as analyzed above.

Dated this 14th day of October, 2014.　　By the Court:

_____
Dustin B. Pead
United States Magistrate Judge