Attorneys for Defendant/Counterclaimant USAA Federal Savings Bank

John S. Craiger
(*admitted pro hac*)
(john.craiger@quarles.com)
Quarles & Brady LLP
AZ Firm State Bar No.00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
Telephone 602.229.5200

John Mackay (6923)
(jmackay@rqn.com)
 Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 323-3341
Facsimile: (801) 532-7543

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| MARK EDWARD. TOWNER, an individual,<br><br>                Plaintiff,<br><br>  vs.<br><br>USAA FEDERAL SAVINGS BANK, a federal savings bank, dba USAA Financial Services Corporation,<br><br>                Defendant. | No. 2:14-cv-00148-DN<br><br>**USAA FEDERAL SAVING'S BANK SECOND AMENDED ANSWER AND COUNTERCLAIM** |
| USAA FEDERAL SAVINGS BANK, a federal savings bank,<br><br>                Counterclaimant,<br><br>  vs.<br><br>MARK EDWARD. TOWNER, an individual,<br><br>                Counterdefendant. | |

## ANSWER

Defendant/Counterclaimant USAA Federal Savings Bank ("FSB"), through its undersigned counsel and for its Answer to the Complaint [Dkt. 1] filed by plaintiff Mark Edward Towner ("Towner"), hereby admits, denies, and alleges as follows:

1. FSB admits Paragraph 1 of the Complaint, although FSB denies that the FSB is liable to Plaintiff under 15 U.S.C. § 1681 *et seq*.

2. In response to Paragraph 2 of the Complaint, FSB admits that venue is proper and that it is a federal savings bank that transacts business in Salt Lake County, Utah. FSB denies all remaining allegations in Paragraph 2 of the Complaint.

3. FSB lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 3 and therefore denies the same.

4. FSB denies the allegations in Paragraph 4 of the Complaint.

5. FSB admits Paragraph 5 of the Complaint, with the exception of the statement that FSB is "a 'furnisher of information' pursuant to 15 U.S.C. §1681 of the FCRA", as that section does not refer to furnishers of information.

6. Paragraph 6 of the Complaint is a legal conclusion to which no response is required.

7. FSB admits that 15 U.S.C. § 1681a contains the statements alleged in Paragraph 7 of the Complaint, but denies that the quoted statute in Paragraph 7 is complete.

8. In response to Paragraph 8 of the Complaint, FSB denies that it reported any "derogatory" and inaccurate information to Experian and Equifax regarding Towner. FSB lacks sufficient knowledge or information to respond to the remainder of the allegations contained in Paragraph 8 and therefore denies the same.

9. FSB lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 9 and therefore denies the same.

10. FSB lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 10 and therefore denies the same.

11. FSB admits Paragraph 11 of the Complaint.

12. FSB denies the allegations in Paragraph 12 of the Complaint.

13. FSB denies the allegations in Paragraph 13 of the Complaint.

14. FSB denies the allegations in Paragraph 14 or lacks sufficient knowledge or information to respond to the allegations contained in Paragraph 14 and therefore denies the same. FSB admits only that Towner informed FSB of his mother's passing and that FSB has in its possession a "USAA Power of Attorney" form signed by Elizabeth T. Welsh appointing Mark E Towner as attorney-in-fact, which was recorded in the records of the Salt Lake County, Utah Recorder.

15. FSB denies the allegations in Paragraph 15 of the Complaint.

16. FSB denies the allegations in Paragraph 16 of the Complaint.

17. With respect to Paragraph 17, FSB reincorporates each and every response contained above and incorporates the same herein by reference.

18. FSB denies the allegations in Paragraph 18 of the Complaint.

19. FSB denies each and every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against FSB and must, therefore, be dismissed.

2. FSB was not properly served with the Complaint and Summons.

3. Towner's injuries, if any, were the result of the conduct of third parties over whom FSB had no control.

4. Towner's injuries, if any, were the result of his sole and separate negligence, or of his contributory or comparative negligence, or of his assumption of the risk, and Towner's claims are barred thereby, in whole or in part.

5. Towner's claims are barred in whole or in part by Towner's failure to mitigate damages.

6. Towner's claims and damages are precluded in whole or in part by the negligence, or the comparative or contributory negligence of herself or his agent(s).

7. FSB conducted a reasonable investigation of any dispute by Towner to FSB and/or received by FSB from a credit reporting agency regarding a dispute by Towner.

8. To the extent Towner's claims are based on the application of an auto loan debt protection plan, Towner lacks standing.

9. There may be other affirmative defenses FSB is entitled to but of which FSB is not yet aware.  FSB reserves the right to amend its answer to assert such additional defenses when they become known.

WHEREFORE, having fully answered each and every claim of Towner's Complaint, FSB requests the following relief:

A. That Towner takes nothing by the Complaint and that the Court dismiss the claims set forth therein, with prejudice;

B. Reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681o, 1681n; and

C. For such other relief as this Court may deem just and proper under the circumstances.

## AMENDED COUNTERCLAIM

For its Amended Counterclaim against Towner, FSB, through its undersigned counsel, hereby alleges as follows:

### PARTIES

1. Defendant/Counterclaimant FSB is a federal savings bank.

2. Towner is an individual residing in Utah.

### JURISDICTION AND VENUE

3. This Court has subject jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Towner because he is a resident of Utah.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4

## GENERAL ALLEGATIONS

6. Elizabeth Welsh ("Welsh"), Towner's mother, had a FSB Mastercard account with the last four digits 3637 (the "Account").

7. FSB services the Account and has the right to pursue collection of the Account debt on behalf of the owner.

8. On or about June 25, 2010, Towner was made a joint owner of the Account.

9. The FSB Credit Card Agreement (the "Agreement"), which governs the Account, states that all cardholders for an account are each jointly and severally liable for the entire account.

10. The Agreement states: "If you are a Cardholder, this Agreement becomes effective and you agree to its Terms on the earlier of (1) the first or next use of the Account, or (2) ten days after we mail or deliver this Agreement to any Cardholder. For all others, this Agreement becomes effective, and you agree to its Terms when you use the account."

11. The Agreement was sent to Towner.

12. The Agreement states that if a person is a cardholder, and thus liable for the entire Account balance, if "[y]ou … made a transaction or payment knowing that your name appears on a Bill for the Account."

13. The Agreement states in bold letters if "your name appears on a Bill [for the Account], this means our records show you are a Cardholder."

14. Starting July 2010, statements for the Account were mailed to Towner's address on Green Street in Salt Lake City, and listed both Welsh and Towner as the account holders.

15. Convenience checks for the Account were issued with Welsh's and Towner's name on them.

16. Towner contends that he was only an authorized user of the Account, and not a joint owner.

17. The Agreement states that an authorized user is liable for the charges he makes plus any related interest or fees.

18. From in or about June 2010 through March 2011, Towner used the credit card and convenience checks to make charges on the Account for his own expenses. Upon information and belief, these charges included payments for a remodeling project and a trip to Costa Rica.

19. Welsh passed away on March 1, 2011.

20. To the extent that Towner had a power of attorney to act for Welsh, that power of attorney ceased upon her death.

21. Upon being informed of her passing, FSB sent a letter to Towner dated March 14, 2011 expressing sympathy and informing him that although the Account was previously a joint account, now Towner was the sole account holder liable for the Account.

22. After Welsh's passing and the March 14, 2011 notice, Towner continued to use the credit card to make charges to the Account through August 2012, including charges to pay restaurant bills and Utah State University.

23. Towner continued to use the credit card to make charges to the Account through August 2012.

24. Towner therefore received the benefit for the charges that he made to the Account, and it is inequitable for him to retain that benefit.

25. FSB sent the monthly Account statements to Towner, with only his name on the statements.

26. As of the date of Welsh's death, the outstanding Account balance was $19,774.48, including interest charges.

27. As of today, the outstanding Account balance is $21,278.71, including late fees and interest charges.

28. Towner made charges to the Account both prior to and after Welsh's death without any complaint. It was not until in or about March 2012 that Towner disputed his liability for the Account.

29. The Agreement requires payment of at least the minimum payment by the due date for each bill, and states that the Account is in default if there is failure to comply with any of

the terms of the Agreement.

30. The Agreement provides that interest applies to the balance on the Account not paid by the due date.

31. The annual percentage rate of interest that applies to the Account is 8.9%.

32. The Agreement provides that in the event of default, FSB may require Towner to pay the full amount he owes at once.

33. Starting in August 2012, Towner failed to make the minimum monthly payments, thereby defaulting under the Agreement.

34. FSB has exercised its option to require Towner to pay the full outstanding Account balance.

35. Towner has sought to avoid his obligation for the Account.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

36. FSB incorporates by reference each of the foregoing paragraphs as if fully stated herein.

37. Towner is obligated under the Agreement, as the owner of the Account, to pay the outstanding Account balance pursuant to the terms of the Agreement and Utah Code Ann. § 25-5-4(e)(2).

38. Towner has breached the Agreement by failing to make timely minimum monthly payments and to pay the outstanding Account balance.

39. Even if Towner is only an authorized user of the Account, Towner has breached the Agreement by failing to pay for the charges he incurred on the Account.

40. As a result of Towner's breach of the Agreement, FSB has been damaged in an amount of at least the outstanding Account balance.

41. FSB is entitled to its attorneys' fees and court costs pursuant to the Agreement.

WHEREFORE, FSB requests judgment in its favor as against Towner, as follows:

A. For FSB's contractual monetary damages, in an amount of at least the outstanding

Account balance;

    B.    For interest on the foregoing amount at 8.9% or the highest rate allowed by law until paid in full;

    C.    For FSB's attorneys' fees pursuant to the Agreement;

    D.    For FSB's costs, both taxable and non-taxable, pursuant to the Agreement;

    E.    For interest on the attorneys' fees and costs at the highest rate allowed by law; and

    F.    For such other and further relief as the Court deems just.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment/Quantum Meruit)

42.    FSB incorporates by reference each of the foregoing paragraphs as if fully stated herein.

43.    Towner caused charges to be incurred on the Account.

44.    Towner has not paid for the charges that he caused to be incurred on the Account.

45.    To the extent that the Agreement does not apply, no remedy exists at law, and Towner is liable to FSB because he has been unjustly enriched at FSB's expense.

WHEREFORE, FSB requests judgment in its favor as against Towner, as follows:

    A.    For quantum meruit damages in an amount to be proven at trial;

    B.    For FSB's taxable costs, both taxable costs together with interest thereon; and

    C.    For such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED this 21st day of November, 2014.

                                    QUARLES & BRADY LLP

                    By /s/ John S. Craiger
                          John S. Craiger, *admitted pro hac*

                    RAY QUINNEY & NEBEKER P.C.
                    John Mackay
                        *Attorneys for Defendant/Counterclaimant*
                        *USAA Federal Savings Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy of the attached document to the following party, not registered with the CM/ECF System, via email:

Mark Edward Towner
Towner.vs.usaa@gmail.com
*Plaintiff/Counterdefendant pro per*


*/s/ Valerie Corral*