Mark Edward Towner,
Pro Se Litigant
1331 Green Street
Salt Lake City, Utah 84105
Telephone: 801.502.9134

FILED
U.S. DISTRICT COURT

2014 NOV 25  A 9: 24

DISTRICT OF UTAH

DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| **MARK EDWARD TOWNER**, individually<br><br>Plaintiff,<br><br>vs.<br><br>**USAA FEDERAL SAVINGS BANK**, a federal savings bank, dba USAA Financial Services Corporation<br><br>Defendant. | No. 2: 14-cv-00148-DN<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT USAA'S COUNTERCLAIM FILED ON NOVEMBER 20, 2014** |

Plaintiff, Mark Edward Towner, OBJECTS to Defendant's November 20, 2014 Counterclaim and is subsequently filing a Motion to Strike Defendant's Counterclaim [Dkt 66]. However, if this Court allows USAA Federal Savings Bank's ("USAA FSB") untimely filing, Plaintiff and admits, alleges, and denies as follows:

1. Mr. Towner admits paragraph 1 of the Counterclaim.

2. Mr. Towner admits paragraph 2 of the Counterclaim.

3. Mr. Towner admits paragraph 3 of the Counterclaim.

4. Mr. Towner admits paragraph 4 of the Counterclaim.

5. Mr. Towner admits paragraph 5 of the Counterclaim.

6. Mr. Towner admits paragraph 6 of the Counterclaim.

7. In response to paragraph 7 of the Counterclaim, Mr. Towner admits USAA FSB services the account and denies USAA FSB has a right to pursue collection of the Account debt from Mr. Towner.

8. Mr. Towner denies the allegations of paragraph 8 of the Counterclaim.

9. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 9 of the Counterclaim.

10. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 10 of the Counterclaim.

11. Mr. Towner denies the allegations of paragraph 11 of the Counterclaim.

12. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 11 of the Counterclaim.

13. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 13 of the Counterclaim.

14. Mr. Towner denies the allegation of paragraph 14 of the Counterclaim.

15. Mr. Towner admits paragraph 15 of the Counterclaim.

16. Mr. Towner admits paragraph 16 of the Counterclaim.

17. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 17 of the Counterclaim.

18. In response to paragraph 18 of the Counterclaim, Mr. Towner admits he made charges on the account at the request of his mother from in or about June 2010 through March 2011 for the remodel of his home to accommodate his mother who wanted to move out of her assisted living center and into the home of Mr.

Towner. Mr. Towner also admits using the credit card for a trip to Costa Rica as a gift from his mother for being his caretaker.

19. Mr. Towner admits the allegations of paragraph 19.

20. Mr. Towner admits the allegations of paragraph 20.

21. Mr. Towner admits the allegations of paragraph 21.

22. Mr. Towner admits the allegations of paragraph 22.

23. Mr. Towner admits the allegations of paragraph 23.

24. Mr. Towner denies the allegations of paragraph 24.

25. Mr. Towner admits the allegations of paragraph 25.

26. Mr. Towner has insufficient knowledge or information to respond to the allegations of paragraph 26.

27. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 27 of the Counterclaim.

28. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 28 of the Counterclaim.

29. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 29 of the Counterclaim.

30. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 30 of the Counterclaim.

31. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 31 of the Counterclaim.

32. Mr. Towner lacks sufficient knowledge or information to respond to the allegations contained in paragraph 32 of the Counterclaim.

33. In response to paragraph 33, Mr. Towner admits he stopped making minimum payments to USAA although denies he had any agreement with USAA and; therefore, could not default under an agreement.

34. In response to paragraph 34, Mr. Towner admits USAA FSB now seeks full payment of the account balance from Mr. Towner although denies USAA FSB had an option to exercise collections against Mr. Towner.

35. In response to paragraph 35, Mr. Towner denies any obligation for the Account.

36. With respect to paragraph 36 of the Counterclaim, Mr. Towner reincorporates each and every response contained above and incorporates the same herein by reference.

37. Mr. Towner denies the allegations of paragraph 37 of the Counterclaim.

38. Mr. Towner denies the allegations of paragraph 38 of the Counterclaim.

39. Mr. Towner denies the allegations of paragraph 39 of the Counterclaim.

40. Mr. Towner denies the allegations of paragraph 40 of the Counterclaim.

41. Mr. Towner denies the allegations of paragraph 41 of the Counterclaim.

42. With respect to paragraph 42 of the Counterclaim, Mr. Towner reincorporates each and every response contained above and incorporates the same herein by reference.

43. Mr. Towner denies the allegations of paragraph 43 of the Counterclaim.

44. Mr. Towner denies the allegations of paragraph 44 of the Counterclaim.

45. Mr. Towner denies the allegations of paragraph 45 of the Counterclaim.

## AFFIRMATIVE DEFENSES

46. The Amended Complaint and Counterclaim, and each count therein, fails to state a claim upon which relief may be granted.

47. Even if USAA FSB formed an agreement with Mr. Towner the contract is unconscionable and grossly unfair. USAA FSBs power is severely imbalanced and took advantage of Mr. Towner by forcing unfair conditions, clauses, or waivers.

48. Even is USAA FSB formed an agreement with Mr. Towner, USAA FSB is barred from seeking damages against Mr. Towner by estoppel.

49. Mr. Towner actions were justified, and cannot be the basis for liability.

50. To the extent USAA has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Plaintiff.

51. Plaintiff affirmatively pleads that USAA is guilty of operational misconduct in connection with their management of the account for which they hold Plaintiff responsible and reserves the right to assert additional affirmative defenses as they become known through additional investigations and/or discovery during the course of this litigation.

52. Mr. Towner's mother was the beneficiary of the charges on the Account.

53. Mr. Towner detrimentally relied upon his mother's wishes.

Hence, Mr. Towner denies that Defendant is entitled to any recovery or relief whatsoever.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Counterclaim be dismissed with prejudice and that Defendant take nothing therefrom;

2. For such other relief as the Court finds to be just and proper.

DATED:  November 24, 2014

Mark Edward Towner,
Pro Se Litigant
1331 Green Street
Salt Lake City, Utah 84105
Telephone: 801.502.9134
marktowner@comcast.net