IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK EDWARD TOWNER,<br><br>    Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK *doing business as* USAA FINANCIAL SERVICES,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00148-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

I.   INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Dkt. 4.)  Pro se Plaintiff's complaint alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") by refusing to remove derogatory information from Plaintiff's credit report stemming from Plaintiff' use of a credit card that belonged to his mother.  (Dkt. 1.)  Defendant alleges counterclaims for breach of contract and unjust enrichment. (Dkt. 34; *see also* Dkt. 56, 59 (allowing amendment of answer to include unjust enrichment counterclaim).)

On November 21, 2014, Plaintiff filed a motion to stay these proceedings for ninety days to seek legal counsel.[1]  For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

---

[1] Plaintiff's motion is entitled "Plaintiff/Counterdefendant Mark E. Towner Motion to Seek Legal Counsel." The Court will refer to the motion as a request to stay the proceedings as a stay is the only relief sought by Plaintiff. The Court does so to make absolutely clear the Mr. Towner is free to seek and retain legal counsel any time, at his own expense.

## II.     ANALYSIS

Plaintiff moves for a stay because Defendant "has used strong legal maneuvering to overwhelm Plaintiff/Counterdefendants [sic] ability to properly represent himself in these proceedings." (Dkt. 67 p.2.) Plaintiff indicates that he intends to retain counsel to respond to Defendant's motions for summary judgment and default judgment. (Dkt. 67 p.3.)

Defendant opposes the request for a stay. (Dkt. 73.) Defendant asserts that it has done nothing to impair or impede Plaintiff's ability to represent himself and that anticipated retention of legal counsel is not a sufficient basis upon which to request a stay.

The Court finds Plaintiff's arguments unpersuasive. Plaintiff has not identified any actions taken by the Defendant that would justify staying these proceedings. Further, Plaintiff continues to file documents pro se (including oppositions to Defendant's motions for default judgment and summary judgment).

Plaintiff filed the present motion on November 21, 2014. (Dkt. 67.) Over one month has passed. In that time, no additional counsel has filed an appearance on Plaintiff Towner's behalf (Ms. Towner remains counsel of record for the limited purposes set forth in her notice of appearance (Dkt. 33.)). Likewise, Plaintiff has given no indication that he has retained additional counsel. Further, Plaintiff elected to file, without the aid of counsel, responses to Defendant's motions for summary judgment and motion for default judgment. (Dkt. 70, 75)[2] Accordingly, the Court will not stay the proceedings.

Nonetheless, Plaintiff is not precluded from retaining legal counsel at any time. Nothing in the Court's Order should be read to suggest otherwise. Mr. Towner may secure counsel of his

---

[2] Plaintiff also filed a motion to strike Defendant's counterclaim after making his motion to stay. (Dkt. 71.)

choosing, at his own expense. Anticipated retention of such counsel presents an insufficient basis to stay these proceedings.

## III. ORDER

For the reasons analyzed above, the Court **DENIES** Plaintiff's request to stay the proceedings as requested in Plaintiff's "motion to seek legal counsel." (Dkt. 67.)

The Court wishes to clarify yet again that nothing in this Order precludes Mr. Towner from seeking or retaining legal counsel. Mr. Towner, like any litigant, may retain counsel of his choice, at his own expense.

Dated this 29th day of December, 2014.     By the Court:

_____
Dustin B. Pead
United States Magistrate Judge