IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK EDWARD TOWNER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**USAA FEDERAL SAVINGS BANK** *doing business as* **USAA FINANCIAL SERVICES,**<br><br>    **Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:14-cv-00148-DN-DBP**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Dustin B. Pead** |

### I.     Introduction

This case is before the Court on several potentially dispositive motions. First, several motions have been filed related to Defendant Counterclaimant USAA Federal Savings Bank's ("Defendant") Second Amended Answer and Counterclaim. Defendant filed a motion for default judgment, alleging that pro se[1] Plaintiff Counterdefendant Mark E. Towner ("Plaintiff") did not respond to Defendant's Second Amended Answer and Counterclaim. (Dkt. 63.) Plaintiff opposed the motion and Defendant filed a reply. (Dkt. 70, 74.) Plaintiff later filed a motion to strike Defendant's counterclaim. (Dkt. 71.) Defendant opposed the motion to strike. (Dkt 72.) Plaintiff did not file a reply, and the time for doing so has now passed. *See* D. U. Civ. R. 7-1(b)(3).

Additionally, Defendant filed a motion for summary judgment. (Dkt. 63 ("Mot. Summ. J.").) Plaintiff filed an opposition. (Dkt. 75 ("Opp'n").) Defendant filed its reply and submitted the motion for decision. (Dkt. 80–81.) Defendant also filed an amended reply. (Dkt. 82.) Neither party requested oral argument.

---

[1] The Court notes that Plaintiff has secured counsel to represent him on a limited basis, including trial. (Dkt. 33.)

## II. Facts

The following facts are undisputed, unless otherwise noted. The Court will elaborate on the nature of the apparent dispute in the analysis section below.

This case involves a credit card account originally opened by Plaintiff's late mother. Mot. Summ. J. 4.) Plaintiff was added to the account and began making charges to it in June 2010. (*Id.* at 6.) The parties disagree about whether Plaintiff ever received a copy of the Card Agreement and was bound by its terms. (*Id.* at 11; Opp'n at 4.) The parties also disagree about whether Plaintiff made a request to Defendant over the telephone to be added to the account, but Plaintiff acknowledges that he was added to the account and began making charges to it in 2010. (Mot. Summ. J. at 6–8.) Plaintiff's mother passed away on March 1, 2011. (*Id.* at 7.) Plaintiff admits that he continued to make charges to the account after his mother's death and after receiving a letter indicating he was the sole account holder following her death. (*Id.* at 7–8.)

Beginning in May 2012 Plaintiff lodged disputes with certain credit reporting agencies (specifically Equifax, Experian, and Trans Union), who in turn provided notices of dispute to Defendant. (*Id.* at 7–8.) Defendant's investigation of these notices forms the basis of Plaintiff's complaint. Plaintiff acknowledges making charges to the account, prior to Defendant's receipt of these notices of dispute, after plaintiff lodged the first dispute. (*Id.* at 6–8.) The underlying facts are discussed in greater detail in the Court's analysis, below.

## III. Analysis

### a. Pro se plaintiff

A pro se litigant's pleadings and other papers are to be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

**b. Defendant USAA's Second Amended Answer and Counterclaim**

Some confusion seems to have arisen because Plaintiff filed his reply before Defendant formally filed its Second Amended Answer and Counterclaim. Defendant first sought leave to file its Second Amended Answer and Counterclaim on July 24, 2014. (Dkt. 34.) The District Court entered a memorandum decision allowing the amendment on October 21, 2015. (Dkt. 59.) Plaintiff filed a motion for leave to respond to Defendant's Second Amended Answer and Counterclaim, with an attached proposed responsive pleading on October 22, 2014 (before Defendant had filed the Second Amended Answer and Counterclaim). (Dkt. 61.) Defendant filed its Second Amended Answer and Counterclaim on October 30, 2014. (Dkt. 62, 66.) Defendant did not oppose Plaintiff's motion to file a responsive pleading.

   1. Motion for Default Judgment

On November 20, 2014, Defendant filed the present motion for default judgment, alleging that Plaintiff did not respond to Defendants Second Amended Answer and Counterclaim. (Dkt. 64.) Defendant argues that Plaintiff did not file a reply to their counterclaims in their Second Amended Answer and Counterclaim, filed on October 30, 2014. (Dkt. 64.) Defendant is mistaken. Plaintiff filed an answer to the Second Amended Answer and Counterclaim on October 22, 2014, prior to Defendant's formal filing of its pleading. (Dkt. 61.) While it may be unusual to respond to a pleading that is not yet filed, it is not grounds for default or default judgment, particularly against a pro se litigant. Also, Defendant did not respond to Plaintiff's motion for leave to file an answer, suggesting Defendant may not have been aware of the responsive pleading at the time the motion for default judgment was filed. Based on the foregoing, the Court **RECOMMNEDS DENYING** Defendant's motion for default judgment because Plaintiff filed a pleading responding to the Second Amended Answer and Counterclaim.

2. Motion to Strike Counterclaim.

On November 25, 2014, Plaintiff filed a motion to strike Defendant's counterclaim. (Dkt. 71.) In that motion, Plaintiff takes issue with the correction of the docket entry for Defendant's Second Amended Answer and Counterclaim. (*Id.*) Plaintiff argues that because the original docket entry indicated that Defendant filed a counterclaim against itself, the pleading is somehow deficient and should be stricken. (*Id.*) Plaintiff's argument on this point is not well taken. Regardless of the docket entry on the court's electronic system, the text of the pleading clearly stated claims against Plaintiff. Plaintiff apparently recognized the claims were made against him, as he had already attempted to file his reply to the Second Amended Answer and Counterclaim. (Dkt. 61.) Accordingly, this Court **RECOMMENDS DENYING** Plaintiff's "Motion to Strike USAA FSB's November 20, 2014 Counterclaim." (Dkt. 71.)

**c. Defendant's motion for summary judgment**

"Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) (quoting Fed. R. Civ. P. 56). A material fact is one that could affect the outcome of the lawsuit. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* (quoting *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184 (10th Cir. 2000)).

1. Plaintiff's Fair Credit Reporting Act claim

Plaintiff alleges in his complaint that Defendant failed to properly investigate certain notices of dispute, in violation of the Federal Credit Reporting Act ("FCRA"). (Dkt. 1). Defendant argues in its motion for summary judgment that Plaintiff cannot show that Defendant's investigation was unreasonable, which is a required element of Plaintiff's FCRA

claim. (Mot. Summ. J. at 14, 18–19.) Defendant further asserts that it did not report any incorrect information related to the account. (*Id.* at 15–18.)

Plaintiff does not expressly argue that the investigation was unreasonable. Interpreting the pro se filing liberally, it appears that Plaintiff argues that Defendant did not adequately investigate the amount of money Plaintiff owes Defendant when it responded to the notices of inquiry. (Opp'n at 1–2.) Additionally, Plaintiff does not explain how Defendant's report was inaccurate, though he does argue that there is insufficient evidence to establish that he asked by telephone to be added to the account at issue. (*Id.* at 2–4.)

When Defendant received notice of the dispute, it was required to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013). While the Tenth Circuit has not yet addressed the issue, "every circuit to have addressed this duty" has found "that the investigation an information furnisher undertakes must be a reasonable one." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012); *accord Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155 (9th Cir. 2009). The level of investigation necessary is determined by the information included in the notice of dispute. *Boggio*, 696 F.3d at 617. Plaintiff bears the burden to prove the investigation was unreasonable. *Anastasion v. Credit Serv. of Logan, Inc.*, No. 2:09-CV-81 TS, 2010 WL 4782984, at *6 (D. Utah Nov. 16, 2010). Plaintiff bears "a further burden upon the plaintiff to demonstrate 'actual

inaccuracy in suits against furnishers.'" *Id.* (quoting *Chiang*, 595 F.3d 26). Whether an investigation is reasonable may be determined as a matter of law. *Westra*, 409 F.3d at 827.

> A.  *The undisputed facts do not indicate Defendant's investigation was unreasonable.*

Defendant conducted an investigation in response to each of the three notices of dispute it received in connection with the account at issue. In May 2012 Defendant received a notice of dispute regarding the account at issue from Equifax. The notice stated that the nature of the dispute was: "Belongs to another individual with same/similar name." (Mot. Summ. J. at 8.) Plaintiff further indicated in the notice: "This is my mothers????" (sic). (*Id.*) Defendant reviewed the computerized notes for the account and determined that Plaintiff was the sole account holder and responsible for the account. (*Id.*) Defendant reported this information to Equifax. *Id.* Plaintiff continued to make charges to the account after lodging this dispute. (*Id.*)

In December 2012 Defendant received another notice of dispute from Experian regarding the account. (*Id.*) The second notice indicated that the account information was inaccurate and stated: "Death of primary cardholder. I [Plaintiff] was only the legally recorded power of attorney in Salt Lake County."(*Id.*) Defendant again reviewed its computer records, which showed Plaintiff was the sole owner of the account because Plaintiff's mother passed away in March 2011. (*Id.* at 8–9.) Defendant reported these results to Experian. (*Id.* at 9.) The same month, Defendant received a third inquiry from TransUnion again indicating that the account belonged to another individual with the same or a similar name. (*Id.* at 9.) Defendant conducted a similar investigation and reported to TransUnion that Plaintiff was the account holder. *Id.* at 9.

Plaintiff does not expressly argue that the investigation was unreasonable. Interpreting the opposition liberally, Plaintiff appears to argue that USAA did not adequately investigate the amount of money Plaintiff owes. (Opp'n at 1–2.) Yet the notices of dispute from the credit

bureaus identified a dispute over the identity of the Account holder, not the amount of the outstanding debt. The notices challenged whether Plaintiff was associated with the account. USAA had no duty to investigate the amount of the outstanding balance. Instead, it only needed to investigate the identity of the account owner because that is all that was mentioned in the notices of dispute. USAA has provided evidence that it conducted such an investigation. Defendant verified the account information in its records and confirmed that Plaintiff was the only surviving account holder. Such an investigation was reasonable in this case. *See Westra*, 409 F.3d at 827. (upholding trial court's determination that an investigation was reasonable where the furnisher defendant reviewed its own records in response to a notice of dispute alleging the account did not belong to the plaintiff); *see also Boggio*, 696 F.3d at 617 (finding that the scope of necessary inquiry is defined by the information in the notice of dispute).

    B.  *The undisputed facts do not indicate that Defendant's report was inaccurate.*

Defendant asserts that the information reported was correct because Plaintiff admits to making charges to the account in question.[2] (Mot. Summ. J. at 6–8.) Plaintiff does not expressly state what was inaccurate about Defendant's report. Plaintiff does argue that there is insufficient evidence to establish that he asked by telephone to be added to the account at issue. (Opp'n at 2–4.) Regardless of how Plaintiff was added to the account, he does not dispute that he knew he was associated with it. Plaintiff admits he received credit from Defendant for charges made to the account. (Mot. Summ. J. at 13.). Plaintiff acknowledges that he made charges on the subject account prior to his mother's death, after his mother's death, and even after he filed the first notice of dispute with Equifax. (*Id.* at 7–9.) In sum, the notices provided to Defendant challenged whether Plaintiff was an owner on the account (i.e. whether Plaintiff is the Mark E. Towner

---

[2] Defendant also asserts that Plaintiff admitted to being responsible for the account. (Mot. Summ. J. at 15.) In light of the deference owed to the nonmoving party, the Court is unable to agree. Plaintiff admitted the charges were due and owing, but Plaintiff did not admit that he should be the person to pay them.

associated with the account). Plaintiff admits that he is the correct Mark E. Towner, though he disputes how he was added to the account. Thus, the undisputed material facts do not indicate that Defendant reported incorrect information.

Based on the foregoing, the Court **RECOMMENDS GRANTING** Defendant's motion for summary judgment, in part, and **DISMISS** Plaintiff's sole cause of action for violation of the FCRA because the undisputed facts do not indicate that Defendant's investigation was unreasonable or that Defendant reported incorrect information.

2. Defendant's Counterclaims

A. *Breach of Contract*

Defendant correctly states that a breach of contract claim requires proof of a valid contract. Existence of a contract is a question of fact and requires proof of "an offer and acceptance, meeting of the minds, and consideration." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012). Plaintiff claims he did not agree to the terms of the Card Agreement and denies receiving it. (Opp'n at 4.) Defendant claims there is a valid contract because the Card Agreement states it is effective ten days after mailing to any cardholder and it was mailed to Plaintiff or his mother. (Mot. Summ. J. at 20.)

Defendant appears to assume that a contract is binding merely because it says it is binding, but Defendant cites no case that would support such a proposition. Defendant relies on *Las Vegas Hacienda, Inc. v. Gibson*, which involved an agreement between parties that each knew the agreement's terms: Hacienda offered $5,000 to any golfer who paid a fifty cent fee and made a hole-in-one shot; Gibson was a golfer who paid fifty cents and made such a shot. 359 P.2d 85 (Nev. 1961). The present case is substantially different because there is a factual dispute regarding Plaintiff's assent to the terms of the Card Agreement.

Plaintiff claims he was not aware of the terms of the Card Agreement and that he never received a copy of it. (Opp'n at 4.) The undisputed facts do not establish that Plaintiff was aware of the terms of the Card Agreement, let alone agreed to them. Thus, Defendant has not shown that, as a matter of law, the Card Agreement was a valid enforceable agreement between Plaintiff and Defendant. Accordingly, the Court **RECOMMENDS DENYING** Defendant's motion for summary judgment on its breach of contract claim.

### B. Unjust Enrichment

Defendant argues that even in the absence of the Card Agreement, Defendant should be awarded the amount of the outstanding debt on an unjust enrichment theory. (Mot. Summ. J. at 22–23.) To prevail on a claim of unjust enrichment, Plaintiff must establish three elements:

> First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be "the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."

*Desert Miriah, Inc. v. B & L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) (internal citations omitted) (quoting *Berrett v. Stevens*, 690 P.2d 553 (Utah 1984)). However, "a prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue." *Ashby v. Ashby*, 227 P.3d 246, 250 (Utah 2010). "Therefore, where an express contract covering the subject matter of the litigation exists, recovery for unjust enrichment is not available." *Cardon v. Jean Brown Research*, 327 P.3d 22, 25 (Utah App. 2014), *cert. denied*, 337 P.3d 295 (Utah 2014).

Here, the question remains whether the Card Agreement (or some other agreement) governs the relationship between Plaintiff and Defendant. Accordingly, it would be premature to grant Defendant's motion for summary judgment on its unjust enrichment claim until the finder of fact determines whether a contract exists that covers the subject matter of this litigation. Based

on the foregoing, the Court **RECOMMENDS DENYING** Defendant's motion for summary judgment on its unjust enrichment claim.

IV.    RECOMMENDATIONS

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**DENY** Defendant's motion for default judgment. (Dkt. 64.)

**DENY** Plaintiff's "Motion to Strike USAA FSB's November 20, 2014 Counterclaim." (Dkt. 71.)

**GRANT IN PART AND DENY IN PART** Defendant's motion for summary judgment. (Dkt. 63.)

**DISMISS** Plaintiff's sole cause of action, the Fair Credit Reporting Act claim.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 15th day of January, 2015.      By the Court:

_____
Dustin B. Pead
United States Magistrate Judge